IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00087-MR-WCM

| | |
|---|---|
| SETH PARKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the court on the parties' cross motions for summary judgment (Docs. 13, 15), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Procedural Background

In December of 2018, Plaintiff Seth Parker ("Plaintiff") filed an application for disability insurance benefits alleging disability beginning on January 1, 2018. Transcript of the Administrative Record ("AR") 182-185.

On May 21, 2020, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 12-29. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "depression, attention deficit disorder (ADD), atrial fibrillation, and neuropathy." AR 17. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work…except: No concentrated exposure to extreme temperatures or respiratory irritants such as gases, fumes, or chemicals. Able to maintain concentration for 2-hour intervals to perform unskilled work with simple routine 1 to 3 step tasks with occasional decision making and occasional changes to the work duties.

AR 21.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform his past relevant work as a "stores laborer" such that Plaintiff was not disabled during the relevant period. AR 25-26.

## III. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ did not consider appropriately opinions by state agency psychological consultants. Additionally, Plaintiff contends that this matter should be remanded because the Commissioner's decision was unconstitutional.

2

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the court is not whether Plaintiff

3

is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V.   Discussion

   A. Consideration of the State Agency Psychological Consultants' Opinions

For applications filed on or after March 27, 2017, such as Plaintiff's, the Administration has changed how adjudicators assess medical opinions and prior administrative medical findings. See 82 Fed. Reg. 5844-01; 20 C.F.R. § 404.1520c(a)); 20 C.F.R. § 416.920c(a).[1] Specifically, an ALJ is now required to consider and articulate in the administrative decision how persuasive he or she finds each medical opinion or prior administrative medical finding to be. 20 C.F.R. §§ 404.1520c(a)); 416.920c(a). In that regard, the regulations list numerous factors that are considered, as appropriate, with "supportability" and "consistency" being the most important. See 20 C.F.R. §§ 404.1520c(a) & (c); 416.920c(a) & (c). "Supportability is an internal check that references objective medical evidence and supporting explanations that come from the

---

[1] The revised regulations define a "prior administrative medical finding" as a "finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review…in your current claim based on their review of the evidence in your case record." See 20 C.F.R. §§ 404.1513(a)(5); 416.913(a)(5). Prior administrative medical findings include state agency consultant findings regarding the severity of a claimant's symptoms, whether a claimant's impairments meet or medically equal a listing, and a claimant's residual functional capacity. Id.

4

source itself. Consistency is an external check that references evidence from other medical and nonmedical sources." Bright v. Saul, No. 1:19CV504, 2020 WL 4483008, at *2 (M.D.N.C. Aug. 4, 2020).

Here, Plaintiff argues that the ALJ improperly rejected in part the opinions of state agency psychological consultants, Dr. Nancy Herrera (AR 78-79) and Dr. Linda Tyrrell (AR 94-95). In discussing these opinions, the ALJ stated:

> The State agency psychological consultants opined that the claimant has moderate limitations in the "paragraph B" criteria. The consultants opined that the claimant is able to understand and remember very short and simple instructions; carry out very short and simple instructions and maintain attention and concentration for 2 hours at a time as required for the performance of simple tasks; and accept instructions and respond appropriately to criticism from supervisors and interact appropriately with others. This opinion is persuasive except for the term 'very short and simple instructions,' which is more limiting than the longitudinal evidence supports.

AR 25.

Plaintiff contends that the ALJ's decision to discount the consultants' opinions that Plaintiff was limited to understanding, remembering, and carrying out "very short and simple instructions" was not supported by substantial evidence.

The substantial evidence standard "'presupposes…a zone of choice within which the decisionmakers can go either way, without interference by

5

Case 3:21-cv-00087-MR-WCM Document 19 Filed 08/02/22 Page 5 of 12

the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" Dunn v. Colvin, 607 Fed. Appx. 264, 274 (4th Cir. 2015) (quoting Clarke v. Bowen, 843 F.2d 271, 272-273 (8th Cir. 1988)). At the same time, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017); see also Lantrip v. Berryhill, No. 1:15-CV-00227-RLV, 2017 WL 1179151, at *3 (W.D.N.C. March 28, 2017) ("as long as the judgment is explained and supported by substantial evidence, this Court must accept the Commissioner's decision, even if this Court would reach an opposite conclusion or weigh the evidence differently if it were conducting a de novo review of the record").

Here, the ALJ noted that Plaintiff was able to "perform tasks that require focus and concentration, such as drive, prepare meals, manage funds, and handle his own medical care" and that the record indicated "that [Plaintiff] shows normal attention span and concentration" and "is able to complete serial 7s." AR 23 (citing AR 246-253 (Adult Function Report); AR 316 (August 8, 2018 Novant Health Psychiatric Associates progress note reflecting that Plaintiff was alert and able to complete serial 7s); AR 434 (December 28, 2018 Novant Health Psychiatric Associates progress note reflecting that Plaintiff was alert

6

Case 3:21-cv-00087-MR-WCM   Document 19   Filed 08/02/22   Page 6 of 12

and "focused on discussion" with intact recent and remote memory); AR 436 (December 18, 2018 Novant Health Psychiatric Associates progress note reflecting that Plaintiff was alert and oriented, with normal attention and concentration); AR 462 (April 1, 2019 Novant Health Psychiatric Associates progress note reflecting that Plaintiff's attention and concentration were normal). After discussing these records, the ALJ stated that "[t]here is nothing to support that [Plaintiff] cannot perform unskilled work at all reasoning levels consistent with unskilled work." AR 24.

When considering the state agency consultants' opinions, the ALJ found those opinions persuasive, except for the determination that Plaintiff was limited to understanding, remembering, and carrying out very short and simple instructions, a determination she found to be contrary to the "longitudinal evidence." AR 25. The ALJ did not, however, cite any specific evidence following this statement.

Further, the evidence discussed earlier in her decision includes some indications of greater mental limitations. Specifically, these records include notations that on "mini mental status exams," Plaintiff lost points in the areas of orientation, attention, and recall, and had difficulty drawing overlapping pentagons. AR 436; AR 462. They also reflect that Plaintiff had a neurological exam which "was remarkable for cognitive dysfunction involving multiple domains including orientation, short term recall, attention, [and] difficulty

7

drawing intersecting pentagons" and that the examiner found the underlying etiology included but was not limited to "some cognitive dysfunction related to an underlying learning disability, sleep apnea as well as depression." AR 463.

The ALJ did not explain, in light of this information, the basis for her statement that "[t]here is nothing to support that [Plaintiff] cannot perform unskilled work at all reasoning levels consistent with unskilled work." AR 24.

Accordingly, the undersigned will recommend remand. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (in formulating the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion"); Bond v. Saul, No. 1:19CV901, 2020 WL 4606412, at *5 (M.D.N.C. Aug. 11, 2020) ("[W]hen an ALJ does not include certain limitations in the RFC from a source given significant weight, the reviewing court must remain able to ascertain from the ALJ's decision why the ALJ omitted those limitations") (emphasis in original) (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

### B. Plaintiff's Constitutional Challenge

42 U.S.C. § 902(a)(3) provides that "[a]n individual serving in the office of Commissioner [of the Social Security Administration] may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office."

Plaintiff argues that pursuant to Collins v. Yellen, 141 S.Ct. 1761, 210 L.Ed.2d 432 (2021), and Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S.Ct. 2183, 207 L.Ed.2d 494 (2020), the statutory restriction set out in § 902(a)(3) on the President's ability to remove the Commissioner violates the separation of powers. Consequently, Plaintiff argues that the Commissioner was unconstitutionally appointed such that the Commissioner's delegation of authority to the ALJ and Appeals Council was similarly unconstitutional. Plaintiff therefore concludes that the Commissioner's final decision denying his application for benefits was "constitutionally defective," and that "the appropriate remedy for an adjudication tainted by an unconstitutional process" is remand. Doc. 14 at 23, 27; see also 2021 WL 2981542 (Office of Legal Counsel Memorandum Opinion which concluded that the statutory removal restriction in 42 U.S.C. § 902(a)(3) is unenforceable).

Numerous courts have rejected the constitutional argument Plaintiff makes. See e.g., Murray v. Kijakazi, No. 3:21-cv-489-MOC, 2022 WL 2252603, at *5 n. 1 (W.D.N.C. June 22, 2022) (explaining that "[t]his Court and many others have repeatedly rejected Social Security plaintiffs' claims that ALJ's decisions are constitutionally defective based on a separation of powers argument," collecting cases, and stating that "the Court is not aware of any case holding to the contrary….") (emphasis in Murray); Osborne v. Kijakazi, 5:21-cv-9-MOC, 2021 WL 5890668, at *3 (W.N.D.C. Dec. 13, 2021) ("The Collins

9

Court reasoned that the relevant agency officials were 'properly appointed' pursuant to a statute that exhibited 'no constitutional defect in the ... method of appointment' and that 'the unlawfulness of [a] removal provision' does not strip [an official] of the power to undertake the other responsibilities of his office[.]'"); Chuenanan v. Commissioner of Social Security, No. 1:21-cv-00086-RJC, 2022 WL 1416421 (W.D.N.C. May 4, 2022); Watkins v. Kijakazi, 1:20-cv-00380-MR-WCM, 2022 WL 1101760 (W.D.N.C. Jan. 21, 2022), recommendation adopted, 2022 WL 822166 (W.D.N.C. March 18, 2022); see also Helms v. Commissioner of Social Security, No. 3:20-cv-589-MOC, 2021 WL 5710096, at *2 (W.D.N.C. Dec. 1, 2021) ("The Court finds that it is implausible that the Commissioner's protection from removal from office, whether constitutional or not, could have affected ALJ Goodson's decision or any other aspect of the administrative litigation in a material way"); Hutchens v. Kijakazi, No. 1:20CV1124, 2021 WL 5834409, at *11 (M.D.N.C. Dec. 9, 2021), recommendation adopted (M.D.N.C. Jan. 5, 2022) ("Unlike Appointments Clause cases, where courts have found the very authority under which a government official has acted unconstitutional…the unconstitutional removal provision at issue here did not impact then-Commissioner Saul's ability to carry out the duties of his office") (internal citations omitted); Brand v. Kijakazi, No. 2:20-cv-02219-NJK, ---F.Supp.3d---, 2021 WL 5868131, at *6 (D. Nev. Dec. 10, 2021) (rejecting plaintiff's argument that President Biden's

10

statements regarding Saul's firing evidenced a "strong possibility" of harm as "too conclusory, speculative, and attenuated").

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 13) be **GRANTED**, and that the Commissioner's Motion for Summary Judgment (Doc. 15) be **DENIED.**

Signed: August 2, 2022

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).