THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00087-MR-WCM

| | |
|---|---|
| SETH PARKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion for Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Doc. 18].

The Plaintiff seeks an award in the amount of $7,500.00 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 22]. The Defendant consents to that award. [Id.]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court

concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

The Plaintiff has submitted an executed fee agreement, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of counsel. [Doc. 23-1]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to counsel and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 286 (2010).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Consent Motion [Doc. 22] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Seven Thousand Five Hundred Dollars ($7,500.00), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award

may be offset. Before any funds are disbursed to counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Defendant;

(3) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4) No additional motion pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge

3

Case 3:21-cv-00087-MR-WCM   Document 24   Filed 11/28/22   Page 3 of 3